IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| GREGORY GILLILAN, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | CIVIL ACTION NO.: 1:06-CV-57 (WLS) |
| Prison Guard Mr. KINNE; : | |
| Prison Guard Miss. PONTEAIA, : | |
| : | **RECOMMENDATION** |
| Defendants : | |

Plaintiff **GREGORY GILLILAN**, an inmate at Calhoun State Prison in Morgan, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis.*

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford***

*Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

In his complaint, plaintiff states that he was transferred by the two defendants to Autry State Prison to have a medically ordered x-ray and cat-scan.  Plaintiff alleges that the doctor had given him two pints of solution to drink and he, consequently, needed to use the restroom.  Plaintiff states that he was forced to use an open restroom and this resulted in him exposing himself, through no fault of his own, to a female cadet.  Plaintiff maintains that he was then placed in a cell and Officer Kinne came to give him a disciplinary report and "attempted to verbally abuse him."  Plaintiff alleges that at this time, an unnamed "Cert Team Prison Guard made his way through [defendants] Kinne and Ponteaia" and grabbed plaintiff's throat and pushed him from his seat into a corner of the cell.  Plaintiff alleges that Officers Kinne and Ponteaia saw this physical abuse transpire and did nothing to assist him.  Furthermore, plaintiff alleges that Officers Kinne and Ponteaia then refused to follow through on the medical order that he have a cat scan and/or x-ray.  Instead, they denied the medical order and returned him to Calhoun State Prison, intentionally delaying his medical treatment.

In a separate Order entered on this same date, the Undersigned has allowed the following two claims to go forward against Officers Kinne and Ponteaia: (1) petitioner's claim that the defendants failed to assist him while an unnamed officer assaulted him in their presence, and (2) petitioner's claim that defendants denied him necessary medical tests and delayed his medical treatment.  However, petitioner's claim that Officer Kinne verbally abused him must be dismissed as frivolous.  Mere verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of protected liberty interest, or deny a prisoner equal protection of the law.  *See Stacey v. Ford*, 554

F. Supp. 8 (N. D. Ga. 1982).        For this reason, the Undersigned **RECOMMENDS** that plaintiff's claim of verbal abuse be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 25th day of April, 2006.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


lnb