IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY LINSTON GILLILAN, :
:
      Plaintiff, :
:
  VS. : Civil Action File No.
: **1:06-CV-57 (WLS)**
PRISON GUARD PONTEAIA, :
:
      Defendant. :

## **RECOMMENDATION**

Currently pending in this *pro se* prisoner § 1983 action are several motions. This plaintiff can only be considered to be a recreational filer, as he has filed at least 44 § 1983 actions in this court within the past two years.

*1. Defendant's Motion to Dismiss (doc. 18)*

Defendant moves for dismissal of this action for plaintiff's failure to prosecute this action, as plaintiff sent them a letter indicating he wanted to dismiss this action (exhibit A) and because plaintiff has failed to take any action to prosecute this lawsuit since filing it. However, defendant requests that the dismissal be with prejudice.

In the court's order dated April 25, 2006 (doc. 5), the undersigned advised plaintiff that "he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." Defendant filed her answer in July of 2006. According to defendant, plaintiff has failed to propound any discovery or otherwise prosecute this action other than filing it. The discovery period has closed.

The undersigned also notes that plaintiff refused to sigh for a letter sent to him by the Clerk of Court advising him of the necessity to send defense counsel a copy of all documents plaintiff files.

(Doc. 29). Refusal to accept official correspondence from the Clerk of Court is another indication that plaintiff refuses to prosecute this action.

Consequently, it is the RECOMMENDATION of the undersigned that defendant's motion to dismiss be **GRANTED**, and that this lawsuit be dismissed with prejudice under Rule 41(b) for failure to prosecute.

## 2. *Plaintiff's Motions to Dismiss (docs. 20 and 26)*

Plaintiff requests dismissal of this action, but he requests that it be without prejudice to his right to refile the same.

Rule 41 (a) of the Federal Rules of Civil Procedure specifically provides that an "action may be dismissed by the plaintiff without a court order at any time before service by the adverse party of any answers or of a motion for summary judgment." However, in this case, plaintiff filed his voluntary motion to dismiss after defendant had filed her answer and after defendant's motion to dismiss was filed. Therefore, this provision is not available to plaintiff, and it is the RECOMMENDATION of the undersigned that plaintiff's motions be **DENIED**.

## 3. *Plaintiff's Motion " In Claim" (doc. 30)*

Plaintiff now states that he wants to continue to proceed with this action. Plaintiff admits receiving defendant's motion to dismiss, and the a letter from the clerk of court's office notifying plaintiff that he must serve a copy of everything he files with defense counsel. It should be noted that plaintiff refused to sign for this letter, and it was returned to the court. (Doc. 29). Plaintiff states that he cannot afford to send defense counsel copies of his filings, as he only receives 20 pieces of paper and five envelopes per week. However, it is plaintiff's responsibility to comply with the rules providing for service, and it was his choice to file multiple lawsuits, including this one. In

light of the above recommendation to dismiss this action with prejudice, it is the RECOMMENDATION of the undersigned that this motion be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 19th day of July, 2007.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd